DYK, Circuit Judge,
concurring.
The Department of Defense (“DoD”) regulations involved in the case are confusing even though clarity would best serve the interests of both the government and its employees. I nonetheless agree that, under the regulations, the Defense Intelligence Agency (“DIA”) had the authority to act on Romero’s Secret clearance and that, if it revoked the clearance, the Washington Headquarters Service (“WHS”) could give reciprocal effect to this action. The question then becomes whether DIA took action to revoke the Secret clearance.
The panel majority concludes that, even though the DIA Security Appeals Board’s (“DIA-SAB”) decision addressed only SCI access, the second paragraph of the decision should be read to reference Secret clearance because the denial of SCI access had already been addressed in the first paragraph. I am dubious given the fact that the DIA-SAB decision makes no reference to Secret clearance but only to SCI access. In my view, however, the revoca *1381 tion of the Secret clearance did not depend on explicit action by the DIA-SAB.
The decision to revoke or deny an employee’s security clearance is made in the first instance by a DoD Central Adjudication Facility- — in this case the DIA Central Adjudication Facility (“DIA-CAF”). The employee has a right to appeal the decision to the corresponding Security Appeals Board. DoD 5200.2-R § C8.2.2.4. The appeal may be conducted through “a personal appearance before [an administrative judge (“AJ”) ]” or via a written submission to the Security Appeals Board “stating reasons why the [decision to revoke or deny security clearance] should be overturned.” Id. Where the employee opts to appear before an AJ, the AJ must submit “a written recommendation to the appropriate [Security Appeals Board] whether to sustain or overturn the [decision to revoke or deny security clearance].” Id. § AP13.1.5.5. The Security Appeals Board will then “render a final written determination” which “will conclude the appeal process.” Id. § AP13.1.6. On appeal, the employee has the burden; thus, unless the earlier decision of the Central Adjudication Facility is overturned by the Security Appeals Board, it stands.
Here, the decision from the DIA-CAF clearly denied Romero’s access to SCI and revoked his Secret clearance. The decision stated that, because of potential security risks, Romero’s “eligibility for access to SCI [was] denied and [his] access eligibility to collateral classified information [was] revoked effective [immediately].” J.A. 47. On appeal, Romero opted to appear before an administrative judge, who recommended that the DIA-SAB sustain the DIA-CAF’s revocation of Romero’s Secret clearance. After reviewing the AJ’s recommendation, the DIA-SAB affirmed the earlier decision of the DIA-CAF. Although the DIA-SAB did not specifically reference the Secret clearance in its decision on appeal, it is clear that the DIA-SAB did not reverse or vacate the earlier DIA-CAF decision. As a result, DIA-CAF’s decision to revoke Romero’s Secret clearance stands, and could properly be given reciprocal effect by the WHS. In other words, the failure of the DIA-SAB to explicitly discuss the Secret clearance issue does not, in my view, require that the revocation be set aside. I accordingly agree with the result reached by the panel majority.